UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEPHEN J. BARTON and<br>KENNETH J. BILES,<br><br>      Plaintiffs,<br><br>v.<br><br>DANIEL J. SMITH, DONALD M. PATTON,<br>and RELYANT GLOBAL, LLC,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:17-CV-92-TAV-HBG |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Contempt and Sanctions [Doc. 82], filed on December 9, 2019. The parties appeared before the Court on December 18, 2019 for a hearing on the pending Motion. Attorney Tillman J. Finley appeared on behalf of Plaintiffs, while Attorney James H. Price appeared on behalf of Defendants. Accordingly, for the reasons more fully set forth below, Plaintiffs' Motion [**Doc. 82**] will be **DENIED IN PART**.

### I.    POSITIONS OF THE PARTIES

Plaintiffs move [Doc. 82] for sanctions under Federal Rule of Civil Procedure 37 due to Defendants' failure to comply with the Court's May 1, 2019 Order [Doc. 69] requiring Defendants to produce the requested financial statements and tax returns of non-parties Tennessee Rental Holdings, LLC ("TRH") and Veterans Holding Group, LLC ("VHG") within fourteen days. Plaintiffs assert that Defendants filed timely objections to the undersigned's order on May 15, 2019 [Doc. 72], and District Judge Varlan overruled Defendants' objections and affirmed the order

on October 15, 2019 [Doc. 81]. Therefore, Plaintiffs maintain that Defendants were required to produce the requested financial information by October 29, 2019.

Plaintiffs state that on October 31, 2019, after Defendants failed to produce any discovery in response to the Court's order, counsel for Plaintiffs inquired whether the discovery would be produced by November 1, 2019. [Doc. 82-2]. Defense counsel then provided a 779-page file, consisting of the federal and state tax returns for VHG from 2015 through 2018, federal tax returns for TRH for 2015 and 2018, and financial statements for VHG from 2015 through 2018. Plaintiffs' counsel then inquired whether general ledgers would be provided for VHG or TRH on November 8 and 14, 2019. [*Id.*]. Plaintiffs maintain that Defendants have not produced the required ledgers for VHG or TRH, any tax returns for VHG or TRH from 2014, any federal tax returns for TRH for 2016 or 2017, or any operational or financial records for TRH. Plaintiffs request that the Court hold Defendants in contempt; impose a fine of $100 per day, with an increase to $300 per day if not produced within seven days, until Defendants comply with the Court's discovery order; and order Defendants and defense counsel to pay reasonable expenses and attorney's fees.

Defendants filed a Response [Doc. 84], asserting that the served document subpoenas at issue do not mention general ledgers, and they do not believe that ledgers were discussed specifically during the discovery conference held before the undersigned on May 8, 2019. Defendants maintain that they fully complied with the discovery order by producing all financial statements and tax returns for VHG and TRH to Plaintiffs on November 1, 2019. Additionally, Defendants maintain that the asserted missing tax returns and operational or financial records for VHG and TRH do not exist, as neither VHG nor TRH filed any tax returns for 2014, TRH did not file any federal tax returns for either 2016 or 2017, and "TRH's financial statements are 'rolled up' into VHG's financial statements, which have been produced to Plaintiffs." [*Id.* at 3].

2

Defendants allege that they have not violated any order of the Court, and thus there is no basis for imposing sanctions. However, Defendants have agreed to produce the general ledgers of VHG and TRH to Plaintiffs by December 23, 2019.

## II. ANALYSIS

As detailed above, Plaintiffs seek sanctions due to Defendants' alleged failure to produce general ledgers and certain financial statements and tax returns for VHG and TRH, which they maintain were required by the Court's May 2, 2019 Order [Doc. 69], and District Judge Varlan's Order overruling Defendants' objections [Doc. 81].

Federal Rule of Civil Procedure 37 governs the use of sanctions with respect to discovery failures. Specifically, Rule 37(b)(2) provides as follows:

> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or

> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(c)(1) (discussing sanctions for failure to supplement discovery). Further, Rule 37(b)(2)(C) provides:

> **(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

In determining whether sanctions are appropriate pursuant to Rule 37, the Sixth Circuit has utilized four factors. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Specifically, the Sixth Circuit has explained as follows:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Id.* "A court is vested with wide discretion in determining an appropriate sanction under Rule 37." *Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893, 902 (S.D. Ohio 2015).

Here, the primary dispute raised in Plaintiffs' Motion [Doc. 82] relates to Defendants' failure to produce the general ledgers for VHG and TRH, as well as certain financial statements and tax returns. Ultimately, due to Defendants' representations during the motion hearing and in their Response [Doc. 84], Defendants are **ORDERED** to produce the requested general ledgers for VHG and TRH by **December 30, 2019**. For the other discovery requested by Plaintiffs,

including the tax returns and operational and financial records which Defendants claim are not in existence, the Court **ORDERS** Defendants to either produce the requested documents or provide an affidavit detailing why the documents were not produced also by **December 30, 2019**.

With respect to Plaintiffs' request for sanctions, the Court declines to find Defendants in contempt of Court. A court may impose civil contempt when it is shown by clear and convincing evidence that the party "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987). Here, due to Defendants' belief that the Court's initial Order [Doc. 69] did not require the production of any general ledgers, as well as Defendants' assertion that they would provide the requested ledgers, the Court declines to treat Defendants' actions as in contempt of Court or impose a monetary fine as a result of Defendants' conduct. However, the Court will **HOLD IN ABEYANCE** Plaintiffs' request for attorney's fees and costs pending the production of the requested documents. Defendants are placed on notice that the failure to comply with the Court's orders, and provide the requested discovery, may result in the imposition of additional sanctions—including paying reasonable expenses and attorney's fees.

### III. CONCLUSION

Accordingly, for the reasons stated above, Plaintiffs' Motion for Contempt and Sanctions [**Doc. 82**] is **DENIED IN PART**. Defendants are **ORDERED** to produce the requested general ledgers for VHG and TRH by **December 30, 2019**, as well as produce the remaining requested tax returns and operational and financial records which Defendants claim are not in existence, as detailed in this Order, or provide an affidavit detailing why the documents were not produced. The Court declines to find Defendants in contempt or impose a monetary fine at this time, but will

**HOLD IN ABEYANCE** Plaintiffs' request for attorney's fees and costs pending the production of the requested documents. After Plaintiffs have reviewed the provided discovery, they are **DIRECTED** to file a notice with the Court detailing Defendants' compliance.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge